FIDELITY TRUST CO. OF BALTIMORE, MD., v. MILES, Collector of
Internal Revenue.

BALTIMORE TRUST CO. v. SAME.

(District Court, D. Maryland.   June 18, 1919.)

Nos. 395, 423, 424, 425.

1. INTERNAL REVENUE ⊜—9—SPECIAL TAXES—BANK CAPITAL.
    That a bank also acts as a fiduciary, although no part of its capital is
    employed in such capacity, except as giving it standing of confidence and
    attracting patronage, does not exempt its capital from the special tax
    imposed by Act Cong. Oct. 22, 1914, § 3, par. 1.

2. INTERNAL REVENUE ⊜—9—SPECIAL TAXES—BANK CAPITAL.
    That a bank also engages in underwriting or promoting new enter-
    prises, or in refinancing old enterprises, usually as a member of a syndi-
    cate or of a group, does not exempt the capital employed therein from
    the special tax imposed by Act Cong. Oct. 22, 1914, § 3, par. 1.

3. INTERNAL REVENUE ⊜—9—SPECIAL TAXES—BANK CAPITAL.
    That a bank deals on its own account in stocks and bonds or other se-
    curities does not exempt the capital employed therein from the special
    tax imposed by Act Cong. Oct. 22, 1914, § 3, par. 1.

At Law.   Separate actions by the Fidelity Trust Company of Balti-
more, Md., a body corporate, and by the Baltimore Trust Company,
against Joshua W. Miles, Collector of Internal Revenue for the Dis-
trict of Maryland, to recover taxes paid.   Tried together by agreement.
Judgment for defendant in each case.

Henry W. Williams, of Baltimore, Md., for plaintiff Fidelity
Trust Co.

Ritchie, Janney & Stuart, of Baltimore, Md., for plaintiff Baltimore
Trust Co.

Samuel K. Dennis, U. S. Atty., of Baltimore, Md., for defendant.

ROSE, District Judge.   By agreement, the above cases against the
collector of internal revenue for this district were tried together.
Each of the plaintiffs is a banker, and each carries on other business
as well.   The collector of internal revenue assessed upon each of them
the special tax imposed by the first paragraph of the third section of
the Act of October 22, 1914 (38 Stat. 750, c. 331), upon the total
amount of its capital, surplus, and undivided profits.   Each paid un-
der protest, and, having unsuccessfully invoked the other statutory
remedies, brought these suits to recover all that had been paid.

At the trial, in view of the decision of the Circuit Court of Appeals
for the Second Circuit in Anderson v. Farmers' Loan & Trust Co.,
241 Fed. 322, 154 C. C. A. 202, they abandoned this extreme claim
and undertook to show that a part of their capital, surplus, and undi-
vided profits was not employed in the banking business.

In addition to its banking business, each of them does three things
which it says are not banking:

[1] (1) It acts as a fiduciary—that is, as a trustee, receiver, exec-
utor, or administrator.   No attempt was made to show that any spe-
cial portion of its assets was devoted to this part of its business, nor

⊜—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

indeed, except for the purpose of giving it such a standing as inspires confidence and attracts patronage, is any needed. An individual of character and ability, but who is without any property of his own, may efficiently discharge such duties, and often does.

Sitting as a jury, I find that neither of the plaintiffs has shown that any part of its capital, surplus, and undivided profits was not used in banking, because it was used in its fiduciary business.

[2] (2) Each of the plaintiffs engages in underwriting or promoting new enterprises, or the extension or refinancing of old, usually as a member of a syndicate or of a group. In these enterprises, each of them ordinarily makes loans to its associates, or to the company which they are launching into the world, taking as security the pledge of the borrower's interest in the adventure. Much of this is banking within the definition of the act itself, as it involves the loan or advance of money upon stocks, bonds, bills of exchange, or promissory notes.

No evidence is offered which leads me, as a trier of fact, to find that any specific portion of the capital, surplus, and undivided profits of either of the plaintiffs was not used in banking, because it was used in syndicate operations.

[3] (3) Each of the plaintiffs deals in stocks, bonds, or other securities for its own account; that is to say, it buys them when it thinks they are cheap, in order that it may subsequently sell them at a profit. Most banks, state and national, do the same thing, as a usual and useful incident to their banking business. While there is some evidence that the plaintiffs carry on such transactions on a larger scale than is usual with banks which do not regard themselves as anything else, to my mind, sitting as a jury, there is no preponderance of evidence that any determinable portion of the capital of either of them is not used in banking, because it is used in the buying and selling of securities.

It results that in all these cases the verdict must be for the defendant, whether Anderson v. Farmers' Loan & Trust Co., supra, or Real Estate Title Ins. & Trust Co. v. Lederer (D. C.) 229 Fed. 799, is followed.

The principles of law which have guided the court, sitting as a jury, are, it is believed, sufficiently stated herein, and in consequence all the prayers on each side have been rejected, either because they are covered by what is here ruled or because they are in conflict with it.