TITLE GUARANTEE & TRUST CO. v. MILES, Collector of Internal Revenue (three cases).

(District Court, D. Maryland. June 18, 1919.)

Nos. 470–472.

INTERNAL REVENUE ⬤➾9—SPECIAL TAXES—BANKING CAPITAL.

That a corporation engaged mainly in the business of examining and insuring real estate titles also carries on a savings bank business, which it keeps separate from its other business, such other business not affecting it, except as giving it credit and facilitating the getting of customers for its bank, does not make the total amount of capital, surplus, and undi-

---

⬤➾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

vided profits used in the insurance business subject to the special tax imposed by Act Cong. Oct. 22, 1914, § 3, par. 1; the amount used in the banking business as such only being subject thereto.

At Law. Actions by the Title Guarantee & Trust Company against Joshua W. Miles, Collector of Internal Revenue, to recover special taxes paid under protest. Judgment for plaintiff.

Ritchie, Janney & Steuart, of Baltimore, Md., for plaintiff.

Samuel K. Dennis, U. S. Atty., of Baltimore, Md., for defendant.

ROSE, District Judge. In these cases the plaintiff seeks to recover the sum paid under protest as the special tax imposed by the first paragraph of the third section of the Act of October 22, 1914 (38 Stat. 750, c. 331), upon the total amount of its capital, surplus, and undivided profits.

Originally the plaintiff was engaged solely in the business of examining and insuring real estate titles, and in other transactions closely associated therewith. This still constitutes the bulk of its business. A number of years ago it began to carry on a savings bank business in a small way, and this has gradually grown in volume and importance. The company has kept a perfectly distinct set of books for its banking business. Whatever profit it made out of banking has remained untouched. It admits that this profit is capital employed by it in banking, and upon it the tax was properly levied.

The rest of its capital, surplus, and undivided profits is not, and has never been, used in banking, except in so far as its possession of them gave and gives it a credit which facilitates the getting of customers for its bank. In the case of Fidelity Trust Co. of Baltimore, Maryland, et al. v. Joshua W. Miles, Collector of Internal Revenue, 258 Fed. 770, contemporaneously decided, it has been held that no part of the capital which is actually used in banking escapes the tax merely because the ownership of such capital makes it easier for a banking corporation to get employment in a fiduciary capacity. The converse is also true.

It follows that in this case it is only the capital which has been actually set apart and used in the banking business which is subject to the tax.